OPINION of the Court, by
Ch. J. Bibb.
Hutche-son sued a writ of scire facias against Edward- Denny, upon a recognizance, acknowledged by him as bail for Barrett at the suit of Hutcheson; which recitedjthe recognizance, the judgment against Barrett for the debt, damages and costs ; that execution thereof remains to be made ; that the judgment was not satisfied by Barrett, nor his body surrendered in execution, &cc. ; therefore warning the said Denny to appear, &c. to shew cause, if any he can, why said Hutcheson should not have execution, according to the effect of the recognizance ; and farther to do and receive what the court should in that behalf consider. After judgment by default, Denny appeared in court, set aside the judgment by default, and pleaded, 1st. the death of the principal, after the teste of the scire facias, and before the return day thereof; upon which issue was joined to the country. lie tendered a second plea, that the principal died before the rendition of the judgment against him : to this plea the plaintiff objected, upon setting aside the interlocutory judgment, and the objection was sustained. Subsequently, however, by consent of the said parties, the objection was waived, the plea received, and leave given the plaintiff to reply thereto. At a subsequent term, the death of Denny was suggested, and a scire facias awarded against Nancy Denny, the administratrix of the deceased; whichscire facias recited the recognizance, judgment in the principal action, &c. as before, the proceedings in the action by scire facias as aforesaid, and warned the administratrix to appear and shew cause, if any she had, why execution should not be had, &c.-this writ being returned executed ; the plaintiff therein, at the term to which it was returnable, replied to the said second plea,' the administratrix was called, and her default recorded — therefore judgment was rendered for execution, &c.; ¾ jury, charged with the issue upon the first *577 plea, returned a verdict for the plaintiff below; and judgment was given for execution, as before, against the said administratrix, to which she prosecutes this writ of error, witti supersedeas.
All the matters assigned for error may be embraced, and considered as presenting these two propositions.
1st. That it was erroneous to render judgment by default at the term to which the writ of scire facias was returnable.
2d. That the manner of disposing of the pleas was erroneous, and amounts to cause of reversal.
The first question depends upon the effect of the fifth section of the statute of 1801 (a), “ — —regulating proceedings in civil cases.” That section, so far as it relates to the present case, provides that in actions maintain-ble by original, against executors or administrators, tha death of the defendant after service of process, shall not abate the action, but the plaintiff “ may have a scirefaci-as against the representatives of such decedent, to shew eause why the plaintiff should not sustain such action.” 4‘--which shall be subject to the same rules and regulations as in case of a scire facias after an interlocutory judgment.” The - regulations alluded to are contained in the statute of 1996 (b) ; by which a scire facias was given against executors or administrators, (in actions maintainable against them by original,) upon an interlocutory judgment against their testator or intestate in his lifetime. The fair construction of the act of 1796 seems to be, that “at the return of such writ” of scire jadas, if the executor or administrator, having been cited accordingly, shall fail to appear, but make default, or having appeared, shall fail to shew cause against final judgment, it shall then be rendered op such interlocutory judgment, only changing the party or parpes, according to such writ of scire facias. The principle of the section before recited in the statute of 1801, seems to have been well intended by the legislature ; but the individual member who penned that act appears to have groped in the dark, with but little consideration of the matter, or of the manner of expression. The latitude of the expressions used, .would make the death of the defendant, after process served, ipso facto convert a mere writ, however indescriptive ©f the foundation of the action, into an interlocutory *578 judgment. But such ah unrestrained construction, is too absurd and pernicious in the consequences to be in» dulged. The true intent of the provision seems to be, that after service of process in the cases provided for, the suit shall progress, changing the parties by scire fa-cias;, and from the point at which it had arrived, in the same manner as if the death had not been cause of abatement. In the present case, the cause had arrived in. court before the death of Denny ; each party had day ⅛ court, and were bound to appear at the time given them, ready to maintain their respective pleadings. No objection is made by the assignment of error to the regularity of the proceedings previous to the return of the writ against the administratrix, and considering the seventh section of the last mentioned statute, no cause of objection appears. The decedent Denny, but for his death, would have been bound to appear in court to maintain his pleas ; and in case of his default, the court might have rendered judgment, by reason of such default, in favor of the plaintiff below ; and that without the intervention of a jury, since the demand was certain, and the scire facias recited every material fact and allegation necessary to support a judgment for execution against the bail. Upon the return of the scire facias against the administratrix, she was bound to appear and shew cause, if any she had, against the demand of judgment for execution : if she had appeared, she might have maintained the pleas by the decedent, if in her porver, or have pleaded any other defence. But in case of her default, she was liable to judgment for such default, without farther delay in the cause. She made default after the return day of the scire facias against her, as plainly appears of record ; and upon the calling of the cause, judgment might therefore have been regularly entered against her, without the intervention of a jury. This leads to the second proposition or enquiry, that is to say :
Does the manner of disposing of the pleas amount to cause of reversal ? The replication to the second plea, and calling the plaintiff in error to rejoin — recording her default, and then rendering judgment for execution, is, to all intents and purposes, a judgment by default. The charging the jury to try the issue joined by the decedent, was supererogation. Moreover, the matter pleaded in that behalf was no bar to the action. The *579 death of the principal, after the teste of the scire facias, and before the return thereof, was immaterial.*
It is therefore considered that the judgment aforesaid be affirmed ; that the defendant in this court may proceed to have the benefit thereof in the court below, and recover of the plaintiff in error ten per centum on the amount thereof, for the damages in this behalf assessed, according to the statute in such cases made and provided. Which is ordered to be certified to said court.
And it is farther considered that the defendant here have his costs in this behalf expended, to be levied of the assets in the hands of the said administratrix, the plaintiff in error, to be administered, if so much she hath; if not, then to be levied of her own proper estate.

 2 vol. Litt. E. L. K. 441. lec. 5.

1 Litt. 490 lec. 5.

 Scire facias vs. bail—See Tidd’s Practice 997. Form of fcire facias againft Tail—Caine’s Appendix, taken from Tidd’s forms, p. 286—2 Salk. 439—3 Salk. 320. When bail is charged—2. Ld. Raym. 894—2 Sand. Wms.Notes, (7⅞ T) — (72, t) — M.'Clelland vs.Chamber's ante 366.